# Parnell Munson
## v.
## Charles B. Farwell et al

1. Verdict contrary to evidence.—As the evidence fails to sustain the verdict, the judgment is reversed and the cause remanded.

2. Witness—Conclusions of.—Where a witness, at the commencement of his testimony, swears that the defendant owes the plaintiffs $803.32, such statement is a mere conclusion of the witness, which the jury are not at liberty to consider.

Error to the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed April 8, 1885.

Mr. Chester Kinney, for plaintiff in error.

Messrs. Flower, Remy & Gregory, for defendants in error.

Bailey, J. This action was assumpsit by Farwell and others against Munson. The declaration contains only the *indebitatus assumpsit* counts, for goods, wares and merchandise, sold and delivered by the plaintiffs to the defendant, and for money paid, laid out and expended by the plaintiffs for the defendant, at his request. The defendant pleaded non-assumpsit, and issue being thus joined, a trial was afterward had before the court and a jury, in the absence of both the defendant and his counsel, and a verdict rendered in favor of the plaintiffs for $803.32. Judgment was entered upon this verdict for the plaintiffs, and afterward at the same term, the defendant appeared and moved to vacate the judgment and for a new trial, which motion was overruled, and the defendant having duly excepted to said decision, brings the record to this court by writ of error.

The bill of exceptions purports to contain all the evidence given at the trial, and the only question we deem it necessary

to consider is, whether such evidence is sufficient to sustain the verdict. The only witness sworn was A. E. Campbell, whose testimony was as follows:

" My name is Campbell.   I am acquainted with the parties in this suit.   Defendant Munson owes plaintiff $803.32 on account of his *pro rata* share of attorneys' fees and disbursements in prosecution of several insurance companies on Sibley and Chester policies, assigned to plaintiffs by Sibley and Chester, as trustees.   Plaintiffs and defendant and a number of other persons and firms, in 1877, were such creditors of Messrs. Sibley and Chester who had sustained loss by fire, whereby several insurance companies became liable to them by virtue of insurance policies made to Sibley and Chester, who had commenced suits against the companies upon such policies. Plaintiffs and defendant and other persons and firms, and Sibley and Chester, agreed together that plaintiffs be their trustees; that the insurance policies be assigned to plaintiffs, and that the plaintiffs continue the prosecution of these suits and realize the money if possible, and divide the same among such creditors and firms, and such person or firm was to pay his or its *pro rata* share on account of attorneys' fees and costs, according to the amount of his or its demand against Sibley and Chester for prosecuting the insurance suits.   Munson's share of such expenses was $803.32.   After they had been incurred, on several occasions he promised me to pay this sum. I was acting for the plaintiffs in endeavoring to collect it for them.   The other parties liable have all paid except Munson."

We think it very clear that the foregoing evidence wholly fails to sustain the only count of the declaration to which it applies, viz., the count for money paid, laid out and expended by the plaintiffs for the defendant.   It neither shows nor tends to show the payment by the plaintiffs of any money whatever for the defendant.   It shows an agreement or arrangement between the plaintiffs, the defendant and certain other parties, in pursuance of which the plaintiffs were to act as trustees for all concerned, and in that capacity to incur certain liabilities for attorneys' fees and disbursements in the prosecution, for

Munson v. Farwell.

the joint benefit of the several contracting parties, of certain suits then pending, but as to what was done under the arrangement, the evidence is very slight and unsatisfactory. The evidence does not say, in terms, that any liabilities or expenses were incurred, nor does he give any data from which the jury could determine the amount of such liabilities, or ascertain the share which the defendant, under the agreement, was liable to pay. He swears, it is true, that the defendant's share was $803.32, but that manifestly is only the opinion or conclusion of the witness, and not a statement of the facts upon which such conclusion was based.

But the evidence at most only shows certain liabilities incurred by the plaintiffs, without attempting to show any payment by them. Nor is the plaintiffs' case at all aided in this respect by the evidence of subsequent promises by the defendant. The witness merely swears that after the expenses were incurred the defendant promised him to pay said sum of $803.32. But he fails to state to whom the defendant promised to make such payment. He does not testify that the defendant promised to pay that sum to the plaintiffs, but merely that he promised to pay it; that is, to whoever was entitled to receive it. Unless the plaintiffs had paid out money for attorneys' fees or other expenses in the prosecution of said suits, nothing was due from the defendant to them, either under the contract described by the witness, or under any rules of law applicable to the case. In such case the moneys coming from the defendant would equitably belong to the attorneys or other parties to whom the liability had been incurred.

It is true the witness, at the commencement of his testimony, swears that the defendant owes the plaintiffs $803.32, but, as we held in McGeoch v. Hooker, 11 Bradwell, 649, that statement is a mere conclusion of the witness, which the jury were not at liberty to consider. The rule there laid down is especially applicable to this case, where the witness, after stating his conclusion, attempts to detail the facts from which such conclusion was drawn, and merely succeeds in stating a case from which it can be seen that no such conclusion legitimately arises.

For the reason that the evidence fails to sustain the verdict, the judgment will be reversed and the cause remanded.

Judgment reversed.