## Roseland Manufacturing Co. v. Theodore Arcan.

1. FINAL ORDER—*Order Setting Aside a Judgment is Not, When.*— An order setting aside a judgment entered at a term subsequent to the judgment is not a final judgment from which an appeal or writ of error will lie.

Memorandum.—Appeal from an order vacating a judgment, entered by the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the October term, 1894, and dismissed.

BURNHAM & BALDWIN, attorneys for appellant.

C. PORTER JOHNSON, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The declaration in assumpsit in this cause supported by an affidavit of claim, was filed at the March term, 1894, of the Superior Court, and service of summons was had to the May term thereafter.

What should have been a plea, but was in form something like an answer in chancery verified, was filed at the May term, but there was no affidavit of merits. On one of the days of the May term, the so-called answer was stricken from the files and default and judgment entered upon the plaintiff's demand.

At the June term next following, the order of default and judgment entered at the preceding term was vacated, and leave was given the defendant to amend his plea within ten days, from which last named order this appeal was prayed and allowed.

Now, in this court, a motion to dismiss the appeal is made, and must be allowed upon the authority of Walker v. Oliver, 63 Ill. 199. It was there held that an order setting aside a judgment entered at a term subsequent to the judgment, was not a final judgment, from which an appeal or writ of error will lie.

The appeal will be dismissed.