## The People of the State of Illinois ex rel. Chester B. Davis v. The Superior Court of Cook County, Illinois.

1. CERTIORARI—*Where the Writ Lies.*—The writ of certiorari lies after the proceedings of the lower court have come to an end, and then, where it had jurisdiction, only when it proceeds illegally and no appeal or writ of error will lie.

2. MUNICIPAL CORPORATIONS—*Judgments Against.*—A judgment against a municipal corporation is not a lien upon anything, nor can it be enforced by execution.

**Memorandum.**—Petition for certiorari. Original proceedings in this court on petition filed by Chester B. Davis, under section 11 of the Appellate Court Act. Heard at the October term, 1894, and writ dismissed. Opinion filed November 12, 1894.

CHASE & ELIEL, for relator.

BRIEF OF HARRY RUBENS, ATTORNEY FOR VILLAGE OF ROGERS PARK; W. S. JOHNSON AND L. H. PARTRIDGE, OF COUNSEL.

The writ of certiorari is not a writ of right, but is only granted in the discretion of the court for reasons shown, and if the court find that the writ has been prematurely or

improvidently granted the court may quash the writ at any time, either before or after the hearing. Harris on Certiorari, Sec. 81; Farrell v. Taylor, 12 Mich. 113.

The writ will not be granted unless required to do substantial justice. Upon the application for the writ evidence may be introduced. 3 Am. & Eng. Ency. of Law, 63.

Mr. Justice Gary delivered the opinion of the Court.

Chester B. Davis filed this petition for a certiorari, alleging that on the 29th day of January, 1892, in the Superior Court, he recovered a judgment upon a verdict on an *ex parte* trial, against the village of Rogers Park for $2,500; that on the next day the village filed a motion asking the court to set aside the judgment and grant a new trial.

By order of the court that motion was then continued to the February term, and at the February term continued to the March term, and at the March term an order was entered " that said judgment be opened and stand as security."

In England a certiorari would lie to remove a pending cause from a lower to a higher court when the latter court could try the cause. Tidd's Pr. 398. But in this State it will only lie after the proceedings have come to an end, and then, when the tribunal had jurisdiction, only when it had proceeded illegally, and no appeal or writ of error will lie. Hyslop v. Finch, 99 Ill. 171; Scates v. C. & N. W. Ry., 106 Ill. 93; Glennon v. Burton, 144 Ill. 551.

The petition argues to us that several decisions of the Supreme Court which he cites, are not well considered. If we were convinced upon that point, yet to disregard their authority upon that ground, would be insubordination. Oldershaw v. Knoles, 6 Ill. App. 325.

We do not feel at liberty to proceed upon the hypothesis that the Supreme Court "has constructed an utterly fallacious argument" upon a " flimsy foundation," "and out of material derived from a misconception," and has set " at defiance the rule of the common law."

In the case of The People v. me, in 105 Ill. 264, the circumstances as to the rendition of the judgment, and the

entry and continuance of the motion to set it aside, were the same as in this case, and yet the Supreme Court had no difficulty in holding that the court over which I presided had jurisdic io ı to set aside the judgment; and this court, in Munson v. Farwell, 16 Ill. App. 365, held that I erred in not doing so.

The criticism on the terms of the order, and the fear expressed of embarrassments growing out of two conflicting verdicts, do not impress us. The plain intent of the order is that the village may have another trial before a jury.

The judgment is not, in fact, any security. A judgment against a municipal corporation is not a lien upon anything, nor can it be enforced by execution. The order was but interlocutory and can not be reviewed until the case is at an end below. Walker v. Oliver, 63 Ill. 199, cited in Roseland Mfg. Co. v. Arcan, 55 Ill. App. 336; and if the petitioner participates in another trial, perhaps the order can not be reviewed at all. National Union Bldg. Ass'n v. Brewer, 41 Ill. App. 323.

We do not intend to intimate that a certiorari will lie from this court to review the proceedings of any court to reverse the judgments of which, appeals or writs of error may be prosecuted. What we do decide is, that the Superior Court acted, if erroneously, within its jurisdiction, and the writ of certiorari is dismissed at the costs of the said Davis.