## John H. Hollst v. Charles Bruse et al.

1. Conclusions—*Statement that Defendant is Indebted to Plaintiff.*—A statement by a witness that the defendant is indebted to the plaintiff in a certain amount is a mere conclusion and will not support a judg-

ment in the plaintiff's favor.  Such a conclusion should be supported by a narrative of facts.

2.  APPELLATE COURT PRACTICE—*Reversal of Orders or Judgments.*— A motion was made to set aside a judgment, an appeal was allowed form an order overruling such motion and the bond recited an appeal from the judgment.  *Held*, that whether the order should be reversed with directions to grant the motion, or the judgment be reversed, was but a question of form, and the latter course being the simplest was adopted.

Transcript, from a justice of the peace.  Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding.  Heard in this court at the October term, 1896.  Reversed and remanded.  Opinion filed March 8, 1897.

SAMUEL J. HOWE and B. M. MUNN, attorneys for appellant.

I. T. GREENACRE, attorney for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

July 10, 1896, on an *ex parte* trial of an appeal from a justice, the appellees recovered a verdict and judgment against the appellant for $146.  During the term the appellant moved to set aside the judgment and verdict, and the bill of exceptions taken to the overruling of the motion recites that on that *ex parte* trial, "Allen C. Howes, being first duly sworn, testified: ' My name is Allen C. Howes; the defendants are indebted to the plantiffs in the sum of $146 for lumber sold by the plaintiffs and delivered for use upon the building of the defendant John H. Hollst,' which was all of the testimony heard on the trial of this cause."

The first point made in the motion was, "that the verdict was not supported by the evidence," which point was well taken.

The statement by the witness that "the defendants are indebted to the plaintiffs" is not of a fact, but of a mere conclusion.  Munson v. Farwell, 16 Ill. App. 365.

That conclusion is supported by no narative of facts.  To whom the lumber was sold and delivered is not shown.

The motion should have been sustained.

The record states that the appeal was allowed from the

order overruling the motion, and the bond recites an appeal from the judgment. Had any objection been made to the bond, such objection could have been removed by amendment. Sec. 70 Practice Act.

The order was a final order, and it and the judgment were of the same term.

Whether we reverse the order with directions to grant the motion, or reverse the judgment, is but form, and the latter course being the simplest we will adopt it, as was done in the case cited.

By reference to People v. Gary, 105 Ill. 264, it will be seen that in Munson v. Farwell the motion must have been denied several terms after the judgment was entered.

There is a probable conjecture that one Rose is a necessay party to this suit, under Sec. 29 of the Mechanic's Lien Act, or Sec. 37 of the act of 1874, and that it is now too late to bring him in, and the suit must fail.

The judgment is reversed and the cause remanded.