## Aaron S. Berkowsky v. Fannie Specter.

1.  Set-off—*Nature of the Action—Competent Evidence.*—Set-off is a counter-claim in the nature of a cross-action, and any proof competent in support of a declaration containing the common counts is competent under the plea of set-off.

2.  Pleading—*Common Counts, When Sufficient.*—When a contract has been fully executed by one of the parties, and nothing remains to be done by the other party, except the payment of money, a recovery may be had under the common counts.

3.  Words and Phrases—"*Board and Lodging.*"—"Board and lodging" are included within the meaning of "goods delivered and services performed."

4. PRACTICE—*Denying Leave to Amend—Discretion.*—Where a bill of particulars, filed more than a month before the trial, shows that the defendant knew, at the time of filing it, the facts which it would be incumbent on him to plead, it is not an abuse of discretion to deny his motion for leave to amend, such motion not being made until the case is called for trial.

Assumpsit, on promissory notes. Appeal from the Superior Court of Cook County; the Hon. JOSEPH P. GARY, Judge, presiding. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed December 12, 1898.

A. N. EASTMAN, attorney for appellant.

SULLIVAN & McARDLE, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The appellee was plaintiff and appellant defendant in the trial court, in an action of assumpsit on promissory notes.

The defendant pleaded the general issue and a plea of set-off, in form the consolidated common count, alleging an indebtedness from appellee to him of $2,000. Among the considerations alleged in the count were goods, chattels and effects, sold, etc., work and services done and performed, and materials furnished, etc.

In the bill of particulars, filed September 11, 1897, with the plea of set-off, was the item:

" To seven years board and room at $25 a month, $2,100."

The defendant having been called and sworn as a witness, his attorney offered to prove by him that, in the year 1890, the plaintiff promised to pay him $25 per month for room and board; that thereafter, defendant provided room and board for her for six and one-half years, and that she had never paid him anything. The court excluded the evidence on the ground that it was inadmissible under the plea of set-off, and the defendant's attorney moved for leave to amend the plea, which motion the court overruled. The trial occurred October 25, 1897.

Two questions are presented for consideration, namely : Was it error to exclude the evidence offered by the defend-

ant? Was it error to deny defendant's motion to amend his plea?

Set-off is a counter-claim in the nature of a cross-action, and any proof competent in support of a declaration containing the common counts is competent under the plea of set-off in the present case.   It has been held in a number of cases, that when a contract has been fully executed by one of the parties, and nothing remains to be done by the other party, except the payment of money, a recovery may be had on the common counts.   Sands v. Potter, 165 Ill. 397, 407, and cases cited; 2 Greenleaf on Evidence, Sec. 104.

In Witter v. Witter, 10 Mass. 223, the court held that board and lodging are included within the meaning of goods delivered and services performed.

The exclusion of the evidence was erroneous.   The bill of particulars, filed more than a month before the trial, is evidence that the defendant knew, at the time of filing it, the facts which it would be incumbent on him to plead.   There was no showing of any reason why, if an amendment was necessary, application for leave to amend was not made before the case was called for trial.   Therefore, we can not hold that there was any abuse of discretion in denying defendant's motion for leave to amend.   Clause v. Bullock Print. Press Co., 118 Ill. 612; Phenix Ins. Co. v. Stocks et al., 149 Ib. 319, 327.

The judgment will be reversed and the cause remanded.