## Chicago General Railway Co. v. Michael Kluczynski.

1. **Evidence** — *Statement of Conclusions—Insufficient to Support a Verdict.*—A mere statement by a witness that the defendant owes the plaintiff a certain sum, without proof of any consideration or promise, either express or implied, or of any antecedent fact, is not sufficient to show a cause of action.

**Assumpsit.**—Appeal from the Superior Court of Cook County; the Hon. Farlin Q. Ball, Judge, presiding. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed December 12, 1898.

Glenn E. Plumb, attorney for appellant.

No appearance by appellee.

Mr. Justice Sears delivered the opinion of the court.

This cause was pending in the Superior Court upon an appeal from the judgment of a justice of the peace.

When reached for trial in the Superior Court, the defendant there, appellant here, was not represented. The hearing was *ex parte*. Appellee was the only witness. His testimony consisted only of a statement of the amount owing from appellant to him, without giving any information as to the grounds of obligation. In other words, it was merely the conclusion of the witness that defendant was indebted. The entire evidence consisted of the following.

"Q. Does the defendant owe you any money?" "A. Yes, he owes me $35.

This testimony was clearly objectionable, but no objection was interposed. The question then presented is whether such evidence is sufficient, in substance, though defective in form, to support a verdict. We think that it is not. In McGeoch v. Hooker, 11 Ill. App. 649, this court, by Wilson, J., said: "No one would claim that a count which should simply allege that the defendant was indebted to the plaintiff in a certain sum, without any other averment, would be

good. And if such a count would not be sufficient to show a cause of action, it would seem to follow as a corollary that a mere statement by a witness that the defendant owes the plaintiff, without proof of any consideration or promise, either express or implied, or of any antecedent fact, would not be sufficient. Nor does it avail appellee to say that appellants might have cross-examined appellee, and thereby have tested the correctness of his conclusion. The burden of making out a cause rested upon the plaintiff."

In Hollst v. Bruse, 69 Ill. App. 48, the same rule is announced, and if the application of the rule to the facts there could be questioned, it certainly could not as applied to the facts here.

In Barrett v. Hinckley, 124 Ill. 32, the Supreme Court said: "We would clearly not be warranted in inferring that the assignment was under seal from the simple fact that the witness gives it as his opinion that the instrument was a ' full assignment ' of the land, which is nothing more than witness' opinion upon a question of law. There not being sufficient evidence in the record to show that the assignment was under seal, it follows," etc. Here the competency of the evidence, when questioned by objection, was not the issue, but the sufficiency of it, whether questioned or not. And in the case under consideration, the question is not error in admitting, but error in holding it sufficient to sustain a verdict. We do not regard the expression in Queen Ins. Co. v. Dearborn Loan Ass'n, 175 Ill. 115, as at all conflicting, for in that case the question presented was error in admitting like evidence. It was distinctly held that aside from the evidence questioned, there was sufficient, viz., the bond, to sustain the verdict.

The motion for a new trial should have been granted.

The judgment is reversed and the cause remanded.