## Warren Springer v. Willard T. Orr.

1. COMMON COUNTS—*When Sufficient.*—Where a person has performed his contract, and nothing remains but the payment of the agreed price, it is sufficient to declare on the common counts.

2. POWERS OF ATTORNEY—*When Prima Facie Proof of Authority.*—The fact that a power of attorney purports to be executed by a person, acknowledged before a notary public, and ample in its terms to authorize the person appointed to perform the acts mentioned, is *prima facie* proof of such authority.

3. BURDEN OF PROOF—*Where Names are Identical.*—If the maker of a power of attorney is not the same person who acts under it, the names being identical, it is incumbent on the party objecting to show that fact.

4. ACKNOWLEDGMENT — *Purpose of — Date Not Important.*— An acknowledgment is of value only as showing that the instrument was in fact executed by the person whose name is signed to it. The date it was signed is not important in establishing the validity or binding character of the instrument.

5. BROKERS—*When Not Necessary to Show a Purchaser Ready, Able and Willing.*—It is only when a conveyance is not made, or no contract entered into, that the broker must show a purchaser was ready, able and willing on the terms proposed, before he can recover his commissions.

6. INSTRUCTIONS—*Notation of Authority in.*—An instruction which has the notation of an authority, an Illinois case at the end, is improper, but not reversible error.

7. SAME—*When Estopped to Question.*—A party who asks for an instruction is estopped from questioning an instruction given for his adversary based upon a similar theory of the case.

Assumpsit, for commissions. Trial in the Superior Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed May 8, 1899.

**Statement of the Case.**—Appellee brought suit against appellant to recover for commissions on a contract negotiated by him between appellant and one Malcolm for the exchange of certain real estate between the parties to the contract, which was dated May 15, 1896.

The declaration is the common counts for goods, wares and merchandise sold and delivered, money lent and advanced, money paid, money received, money due for interest, for the price and value of work done and material for the same provided; and for amount due on an account stated between them.

A trial before the court and a jury resulted in a verdict and judgment of $500 for appellee, from which this appeal is taken.

The evidence shows that appellee, who was then in the real estate business, under the name of W. T. Orr & Co., and licensed as a real estate broker by the city of Chicago, was employed in April, 1896, by appellant, to find him a purchaser or customer for a certain leasehold in Chicago, owned by him, and that appellant, as the preponderance of the evidence shows, agreed to pay appellee for such service, as a commission, the sum of $500. Appellant says he agreed to pay $500 commission "if the trade went through," but has no corroboration. Appellee procured such a person, one Sherman E. Malcolm, who, by A. J. Vesey, his attorney in fact, entered into a contract in writing with appellant, dated May 15, 1896, by which appellant agreed to sell and convey said leasehold to Malcolm in consideration that Malcolm convey to appellant certain real estate in Park Ridge, Cook county, Illinois, describing it, and setting out specifically the details of the exchange, and also providing that appellant should pay appellee $500, and Malcolm should pay Vesey $500 as brokerage fees. When the time came for furnishing abstracts of title, as provided by the contract, appellant, as a clear preponderance of the evidence shows, refused to furnish his abstract or carry out the contract, as he claims, because Malcolm was not responsible, and because he refused to pay the ground rent from March 1, 1896, on

appellant's leasehold. The contract of exchange provided for a conveyance by appellant of the leasehold to Malcolm. clear of all incumbrances, "except the ground rent since March 31, 1896," but it has no provision requiring Malcolm to pay any ground rent at any time. Appellant testified also that he was ready and willing to carry out the contract if Malcolm would " come forward and pay the quarter ground rent that was due on the first of March." He also testified that he " never refused to carry out the deal."

The court gave proper instructions to the jury, both upon appellant's and appellee's theory of the case, but gave two instructions for appellee, and refused one requested by appellant, which will be referred to in the opinion.

W. N. GEMMILL, attorney for appellant.

" Common counts are appropriate only when the defendant has received in some form the equivalent of the money which he is called upon to pay. When his obligation to pay rests only upon his non-performance of his promise, however good the consideration for the promise, the declaration must be special." Neagle v. Herbert, 64 Ill. App. 619; Zjednoczenie v. Sadecki, 41 Ill. App. 329.

PINNEY & ORR, attorneys for appellee.

The presumption is that Sherman E. Malcolm, who executed this power of attorney, was the same Sherman E. Malcolm who signed the contract, and in whose name the title to the real estate was. Brown v. Metz, 33 Ill. 339; Thompson v. Manlow, 1 Cal. 428.

The burden of proving that he was not the same person is on the defendant. Jackson v. King, 5 Cow. (N. Y.) 239; Jackson v. Colby, 9 Cow. (N. Y.) 149.

Where nothing remains but to pay over the money the common counts are always good. Gottschalk v. Smith, 156 Ill. 380.

If the plaintiff has performed and the defendant received under the contract, then the action may be maintained under the common counts, even though the sale was not consummated. Kerfoot v. Steele, 113 Ill. 616; Swigart v. Hawley, 140 Ill. 186.

Where the services are fully completed, there is no need to declare specially, and recovery may be had on a general *indebitatus assumpsit*.   First Nat'l Bank v. Hart, 55 Ill. 62; Comb vs. Steele, 80 Ill. 101.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellant contends, first, there could be no recovery under the evidence on the common counts; second, that the court admitted improper and incompetent evidence; third, that there could be no recovery because one Weber, who brought about the execution of the contract between appellant and Malcolm was not at the time a licensed broker; fourth, that there could be no recovery because the exchange was not completed; and fifth, that the court erred in its rulings on instructions.

As to the first contention, it is sufficient to say that appellee had performed his contract, and nothing remained but the payment of the agreed price by appellant.   In such case, it is sufficient to declare on the common counts.   The count for work done is all that is necessary, under the evidence.   2 Greenleaf on Evid., Sec. 104, and cases cited; Swigart v. Hawley, 140 Ill. 186; Gottschalk v. Smith, 156 Ill. 380; Combs v. Steele, 80 Ill. 101; Berkowsky v. Specter, 79 Ill. App. 215, and cases cited.

It is unnecessary to review the numerous cases from other States cited by appellant's counsel.   The adjudications of this State control.

Second.   It is objected that the court improperly admitted in evidence the contract between appellant and Malcolm, because no authority of Vesey to sign Malcolm's name to the contract was shown, and it was not shown that the Sherman E. Malcolm whose name was signed to the contract is the same Malcolm who signed a certain power of attorney which was offered to show Vesey's authority to act for Malcolm, the owner of the Park Ridge property agreed to be conveyed to appellant.   The power of attorney is dated March 10, 1896, purported to be exe-

cuted by Sherman E. Malcolm, and was acknowledged before a notary public, and is ample in its terms to author-ize Vesey to make and sign the contract in question. This was *prima facie* proof that Vesey had authority to make the contract. Brown v. Metz, 33 Ill. 339.

If the maker of the power of attorney was not the same person whose name was signed to the contract of exchange, the names being identical, it was incumbent on appellant to show that fact. Jackson v. Colby, 9 Cow. (N. Y.) 149.

But it is further objected that the power of attorney though dated March 10, 1896, was not acknowledged until April 1, 1898, long after the contract of exchange was made. The objection is not tenable. It will be presumed, there being no evidence to the contrary, that the power of attorney was made the day it bears date. It has never been held objectionable for an instrument relating to the conveyance of real estate to be acknowledged at a date subsè-quent to the date of the instrument. The acknowledgment is of value only as showing that the instrument was in fact executed by the person whose name is signed to it, and the date it was signed is not important in establishing the valid-ity or binding character of the instrument.

Complaint is also made that the court excluded a letter written by appellant to W. T. Orr & Co., dated June 18, 1896, which, it is claimed, was in answer to a previous letter by Orr to appellant concerning the completion of the trade. The letter was not competent, in the absence of Orr's letter or some proof of its contents, which was not made. Nor was it proper because it contained only self-serving declarations. A litigant will not thus be allowed to make evidence in his own behalf. The witness testified that Malcolm owned the property at Park Ridge, and appellant moved to strike out the evidence, which motion the court overruled. It is improper, and also an immaterial fact. The evidence should have been stricken out, but we are unable to see how it prejudiced appellant.

Numerous other objections as to the court's rulings on the admission and exclusion of evidence are made, all of

which we have considered, but think that none of them present any reversible error. They are not of sufficient importance to require special mention.

Third.    Weber was in the employ of appellee and paid by him for his services. It is shown that appellee was at the time of the transaction in question a regularly licensed real estate broker by the city of Chicago, which made the fact that Weber was not licensed a matter of no consequence.

Fourth.    Appellee earned his commissions when he procured Malcolm, through Vesey, to take appellant's leasehold in exchange for the Park Ridge property, he being acceptable to appellant and having signed a contract to that effect with appellant. It was unnecessary, under such circumstances, for appellee to show that Malcolm was ready, able and willing to carry out the exchange according to the contract.    Pratt v. Hotchkiss, 10 Ill. App. 603; Goodridge v. Holladay, 16 Ill. App. 365, and cases cited.

It is only when a conveyance is not made, or no contract is entered into, that the broker must show the purchaser was ready, able and willing to purchase on the terms proposed, before he can recover his commissions.    Schmidt v. Keeler, 63 Ill. App. 488, and cases cited *supra.*

Fifth.    The first instruction given for appellee is not based upon the evidence, in that it proceeds upon the theory of a sale effected through the instrumentality of the agent. The evidence does not justify such an instruction, but we are unable to perceive in what way the instruction could have prejudiced appellant.    The instruction also has the notation of an authority, an Illinois case, at the end.    This also was improper.    We are unable, from a careful examination of the evidence, to see how the jury could have found any other verdict than it did, and the instruction, while improper, is not sufficient cause for a reversal.

The third instruction for appellee also proceeds on the theory of a sale, but the same is true of this as of the first instruction.    The error does not call for a reversal.

Moreover, appellant's third instruction asked, but refused by the court, is also based upon the theory of a sale, and estops appellant from claiming appellee's instructions, based

on a like theory, are cause for reversal. Watson Cut Stone Co. v. Small, 80 Ill. App. 328, and cases there cited.

Appellant's third instruction was properly refused, because it, in substance, told the jury appellee could not recover unless he provided a purchaser ready, able and willing to buy or exchange. This, as we have seen under the authorities cited *supra*, is not the law applicable to the facts of this case. The judgment is affirmed.