484        WISCONSIN REPORTS.

City of Janesville vs. Milwaukee and Mississippi Railroad Co.

THE CITY OF JANESVILLE, Respondent.

*vs.*

MILWAUKEE & MISSISSIPPI RAILROAD COMPANY,
Appellant.

APPEAL FROM ROCK CIRCUIT COURT.

The several acts of the legislature incorporating cities are made *public* acts, and the courts are required to take judicial notice of their provisions, and of the powers and capacities conferred.

A city incorporated by the legislature has the capacity to sue and to be sued, as one of the most ordinary and essential powers, and it is not necessary in pleading for such corporation to aver its legal capacity to sue.

The city of Janesville has the power, by its charter, to enact and enforce ordinances and regulations to prevent obstructions to streets, highways, &c.

When the city of Janesville sues to recover a penalty imposed by ordinance for obstructing streets, it is not necessary to aver in the complaint the power of the city to enact such ordinance.

It is sufficient in such case to set forth such ordinance by reciting its title and giving the substance of the ordinance imposing the penalty.

A railroad company cannot monopolize a street in derogation of the public and private uses to which it has been applied.

The circuit court of Rock county has jurisdiction of an action brought by the city of Janesville to recover a penalty for obstructing the streets therein, against a railroad company.

This was an action brought by the respondent against the appellant for obstructing certain streets in said city. The complaint set out six separate causes of action, which was demurred to by the defendant, the demurrer overruled, and the defendant appealed.

The complaint was substantially as follows: The complaint of the city of Janesville, the above named plaintiff respectfully shows to this court, that the plaintiff is a municipality, established and organized by, and acting under the authority of a charter from the legislature of the State of

Wisconsin; and that among other things, said charter provides to the effect that the common council of said city shall have full power and authority to make, enact, ordain, establish, publish, enforce, alter, modify, amend and repeal all such ordinances, rules and by-laws, for the government and good order of the city, and for the benefit of the trade, commerce and health thereof, and as they shall deem expedient; declaring and imposing penalties, and to enforce the same against any person or persons who may violate any of the provisions of such ordinances, rules and by-laws: and such ordinances, rules and by-laws are declared to be, and have the force of law; and this plaintiff further shows to this court that the said common council, on the 26th day of November, 1853, passed an ordinance entitled "An Ordinance to prevent the obstruction and incumbrance of streets, highways, sidewalks and alleys." In and by which ordinance it is prescribed among other things, that "it shall not be lawful for any railroad company, or any contractor, agent or servant of any railroad company to obstruct any street, highway, sidewalk or alley, or any part thereof, under a penalty of fifty dollars for each day, or part of a day, such obstruction shall continue."

And this plaintiff further shows, that on the 3d day of July, 1857, the said common council passed another ordinance, in amendment of the said first above named ordinance, in and by which it was ordained, "That wherever the word fifty occurs, in section two and three of said ordinance of November 26, 1853, before the word dollars shall be read the words twenty-five, in lieu thereof;" and which said two ordinances were duly published immediately after their several passage, as aforesaid.

And this plaintiff further shows to this court, that on the westerly side of Rock river, in said city of Janesville, are streets and public highways called and known by the names of Jackson street, High street, Academy street, Marion street

and Madison street, running northerly and southerly; and also other streets, called and known by the names of Race street, Bluff street, Wall street, and Pleasant street, running easterly and westerly in said city—all of which are open public streets and highways, within said city of Janesville.

And this plaintiff further shows to this court, that the defendants in this action are a body corporate and politic, incorporated by the legislature of the State of Wisconsin, by and under the corporate name of the Milwaukee & Mississippi railroad company. That the route and track of the said company's railroad, in said city of Janesville, and on the westerly side of said Rock river, runs along and across the said Jackson street, High street, Academy street, Marion street and Madison street, and also, on, along and across said Race street, Bluff street, Wall street and Pleasant street. That the said railroad of the defendants was opened for business on said westerly side of Rock river, according to this plaintiff's information, some time in the month of March, 1857, and has been since that time, and still is used by the said defendants for the running of engines, tenders and freight and passenger cars, and for the carriage and transportation of passengers and freight thereby and thereon, on, along and across all the streets above herein named, in said city of Janesville.

And this plaintiff further shows that the said railroad of the defendants crosses the said Rock river, in said city of Janesville, a short distance northerly of said Race street, and in its course westerly from there, mostly takes up and occupies, with its track, the site of said street. And this plaintiff further shows to this court, that the said railroad company, from the time when as aforesaid they began to run their said engines and cars, and to carry passengers and freight in and upon their said railroad, in said city of Janesville, have from time to time obstructed said several streets herein before named, in said city, with their said engines and cars.

1. And this plaintiff further shows that the said railroad company, by their said engines and cars, and by their agents and servants, did especially on the 29th day of June. 1857, put, and place, and suffer their said cars to stand in and upon and across said Academy street, said Bluff street, and said High street, and so wholly obstructed the said several streets by their said cars so standing therein, that all the citizens and others having occasion therefor, could not use the same, nor pass and repass by reason of said obstruction; as of right they were entitled to do, and ought to have done; and this was so continued for a long space of time, to wit: for two hours and more, on said day; contrary to the ordinance in such case made in that behalf; whereby and by force of said ordinance, an action has accrued to this plaintiff, to have and recover of the said defendants the penalty of fifty dollars for the said obstruction, so as aforesaid interposed in the said streets, by the said defendants, their said agents and servants; for the recovery of which penalty the plaintiff prosecutes this cause of complaint.

2. Like the first, for obstructing Pleasant street, on the 30th day of June, 1857, for a long space of time, &c.

3. For obstructing Wall, Marion, Madison and Pleasant streets, for a long space, &c., and effectually barred the same to the use of the public, &c.

4. "And this plaintiff further shows to this court, that the said defendants, the said railroad company, in the construction of their said road and its way, and in the laying down of their track and rails thereupon, and in attempting to make and provide in so doing, passways or crossings, on, along and across each of said streets, to wit: Jackson street, High street, Academy street, Madison street, Marion street and Pleasant street, and also said Wall street, Bluff street and Race street, have so narrowed and confined the said passways and crossings, and so badly constructed and finished up the same as to render it impossible or

mostly so for the public to use said streets, or either of them, thereby obstructing and encumbering each and every of said last named streets. And the said defendants have, ever since the month of March, 1857, to the time of the issuing of the summons in this action, from day to day, and from time to time, during all that time continued the said last named obstructions, in and upon and along said streets, so that the same could not hitherto and cannot now be conveniently or at all used by the people having occasion to pass and repass, by themselves and their teams, on, along and across the same, as they of right ought to do—contrary to the force of the said ordinance and law—whereby and by reason of the defaults of the defendants last aforesaid, the said defendants have forfeited and become liable to pay to the plaintiff other and further penalties for each and every of such last named obstructions, fifty dollars, in all the sum of four hundred and fifty dollars, for the recovery of which last named sum, the plaintiff prosecutes this cause of complaint."

5 and 6 Substantially like the first and second laying a different time.

To this complaint the defendant demurred, for the reason that it did·not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendant appealed.

*B. B. Eldredge*, for the Appellant,

Insisted that it nowhere appeared in the complaint that the plaintiff had any legal capacity to bring this action. The allegation " that the plaintiff is a municipality established and organized by, and acting under the authority of a charter from the legislature of the State of Wisconsin," is not presumptive · evidence of such capacity, nor to make the ordinances, rules and by-laws for the purpose mentioned in the complaint. *People vs. Utica Ins. Co.*, 15 J. R. 358. Nor will such allega-

tion authorize the court to take judicial notice of such authority, nor to receive proof of any such ordinance forbidding such obstructions. *People vs. Utica Ins. Co.*, 15 J. R. 358, 2 Am. railway cases, 269.

The power of a corporation must be averred in the pleadings; if not, they cannot be proved. 3 Sandf., Ch. Rep. 31.

The defendant, for aught that appears in the complaint, acted in conformity to its charter, no unnecessary obstruction being alleged.

*Jas. H. Knowlton* for the Respondent,

Cited Rev. and Local Session Laws 1856, Ch. 381, § 12, id. 1857. Ch. 62, § 14, Id. 1857, Ch. 139, § 5, 2 Wis., Rep. 102.

*By the Court*, COLE, J. The counsel for the appellant demurred to the complaint filed on the part of the city in the court below, for the reason that the same did not state facts sufficient to constitute a cause of action. The demurrer was overruled by the circuit court, and, as we think, very properly, being clearly of the opinion that the complaint does set forth a good cause of action.

Without attempting to notice in detail the various objections taken to the complaint, as contained in the brief of the counsel for the appellant, we will remark that the acts of the legislature creating and incorporating cities are public acts, and courts take judicial notice of the powers and capacities of such corporations. One of the most ordinary incidents to such incorporations, is the right to sue and of being sued in its corporate name.

It cannot, therefore, be necessary for the city of Janesville, when it brings an action in the courts of this State, to allege that it has a legal capacity to sue.

Another most common and essential power conferred by

the legislature upon incorporated cities, and which in express language, is (by the original charter, chap. 93, private laws, 1853, and the various acts amendatory thereof) granted to the city of Janesville, is the authority to make and enforce all proper rules and by-laws for the government and good order of the city, and for the benefit of trade and commerce, and to establish and enforce such ordinances as may be deemed expedient to prevent the obstruction and incumbrance of the streets, highways, sidewalks, &c. The act incorporating the city being a public act, one which the courts must take judicial notice of, it could not be necessary to aver in the complaint that the city, by its proper authorities, had power to enact an ordinance prohibiting the obstruction of the streets and highways therein. The complaint sets forth such an ordinance by reciting its title, and gives the substance of the ordinance prescribing the penalty. We deem this sufficient.

Another objection taken to the complaint is, that it does not appear therein that the railroad company, in the operation of its road, unnecessarily obstructed and encumbered the streets of the city by its cars or otherwise. The complaint sets forth six breaches of an ordinance enacted to prevent obstructions of streets by any railroad company under a penalty of twenty-five dollars for each day or part of a day such obstruction might continue. The first count, as it would be called under the old system of pleadings, alleges that the company, on a certain day therein named, placed and suffered their cars to stand upon and across certain streets, and wholly obstructed them, so that the citizens and others having occasion therefor could not use them, nor pass and repass, by reason of said obstruction, for the space of two hours or more. The other causes of action are stated substantially like the first. Now, certainly, it will not be seriously contended that it is necessary or the proper operation of this railroad that the company block up, by its cars, the streets of the city of Janesville for

two or three hours at a time, during the day. Such a use of the streets by the company would be entirely inconsistent with the right of passage secured to the public on the highways of this State. A railroad company cannot monopolize a street in derogation of the public and private uses to which it has been applied.

The only remaining objection which we deem it necessary to notice, is that the circuit court had no jurisdiction to hear and determine this action ; but that it should have been commenced in the police court of the city. To sustain this position, we were referred to section 14, chapter 62 of the private laws for 1857, and also to chapter 339 of the private and local laws of the same year. We find nothing in the latter act, which is entitled "An act to establish a code of procedure for the police court of the city of Janesville," bearing upon this question. Sec. 14, chap. 62 of the Pr. Sess. Laws, 1857, does declare that the police justice for said city shall have exclusive jurisdiction in all civil proceedings wherein the city shall be a party, &c. But by section 5, chapter 137 of the private laws of 1857, an act passed subsequent to the last mentioned statute, the authority, powers, rights, and jurisdiction of the police justice of said city were restored to the same condition they were under section 12, chapter — of the private laws of 1855. In defining the powers of the police court, section 12 of the latter act expressly provides that nothing therein contained shall be deemed to effect in any manner the power or jurisdiction of the circuit court of Rock county. Hence we think it is very apparent that the circuit court had jurisdiction to hear and determine this action.

The order of the circuit court overruling the demurrer is therefore affirmed.