RAINS vs. THE CITY OF OSHKOSH.

It is not necessary, in an action against a city, to allege in the complaint that
    the defendant is a municipal corporation.
An action under chapter 151, R. S., for the unlawful detention of leased prem-
    ises, will lie against a municipal corporation.
The complaint in such an action alleged the demise of certain premises by the
    plaintiff to the city, the non-payment of rent for three days after it became
    due according to the terms of the lease, a subsequent demand in writing
    that the city should deliver up possession of the premises, and its neglect to
    do so before the commencement of the action, which was more than three
    days after such demand. *Held*, that the complaint was sufficient.

APPEAL from the County Court of *Winnebago* County.

This was an action for an unlawful detainer of certain
leased lands. The complaint, which was filed October 9th,
1860, alleged that the plaintiff, on the 29th of August, 1859,
demised to the defendant certain premises therein described;
that the defendant was justly indebted to the plaintiff for
one year's rent of the premises, amounting to twenty-five
dollars, and the same had remained due and unpaid more

than three days; that the said sum became due on the 29th of August, 1860, according to the terms of the lease; and that on the 4th of October, the plaintiff made a demand in writing of the defendant that it deliver up possession of the leased premises, but it had refused to do so, and still unlawfully detained the same. Answer, a general denial. Judgment for the defendant.

*Freeman & Jackson*, for appellant.

*N. L. Whittemore*, for respondent.

*By the Court*, COLE, J. This was an action instituted by the appellant against the city of Oshkosh under chapter 151, R. S., for an unlawful holding over of demised premises after rent had become due by the terms of a lease and remained unpaid. The case was tried before a justice of the peace, where judgment was rendered for the appellant and a restitution of the premises ordered. The city took an appeal to the county court of Winnebago county; and on the trial of the cause in that court, the counsel for the city objected to the evidence on the part of the appellant, because the complaint was insufficient in not alleging that the defendant was a municipal corporation duly organized under the laws of the state; that an action for an unlawful holding over of demised premises will not lie against a municipal corporation; that the complaint did not set forth a sufficient notice to quit; that it did not allege that the appellant was entitled to the premises, either as owner, or by possession, or by right of possession; and that it was not alleged that the defendant was in possession when notice to quit was served, or at any other time. An application was made to amend the complaint so as to obviate these objections, but the amendments were refused, the court holding that the complaint was insufficient because the action did not lie against a municipal corporation. As we consider the complaint sufficient, it will not be necessary to notice the point that the court should have granted leave to amend. It was clearly unnecessary to allege in the complaint that the city of Oshkosh was a municipal corporation duly organized by the laws of the state. The charter organizing the city was a public act,

June Term, 1861.

RAINS
v.
CITY OF OSH-KOSH.

of which the courts were bound to take judicial notice. *The City of Janesville vs. Milwaukee & Mississippi R. R. Co.*, 7 Wis., 484; *State ex rel. Cothren vs. Lean*, 9 id., 279; *Clark vs. City of Janesville*, 10 id., 136. Besides, in actions brought by a private corporation it is not necessary to allege that such corporation was duly organized by the laws of the state from which it derived its corporate powers, where there would be far more reason for requiring such an allegation than in the present case. *Farmers' & Millers' Bank vs. Sawyer*, 7 Wis., 379; *The Bank of Wisconsin vs. Knowlton*, 12 id., 624. Nor do we think the objection well taken, that the action will not lie against a municipal corporation. The language of the statute is general, and applies to any person who holds over demised premises after the termination of the lease, or contrary to the covenants thereof, or after rent becomes due; and we have no doubt that the word "person" extends to municipal corporations. We can conceive of no possible reasons why the statute should not extend to corporations, public or private, for the remedy is quite as essential and necessary against them as against a natural person. The *city of Oshkosh* is authorized to lease property; it is endowed with the power of suing and being sued; and what principle of law or public policy is violated by rendering it amenable to this action? We can imagine none. It is true that the corporation is organized for police and governmental purposes, but that furnishes no satisfactory reason why it should not pay rent due upon a lease for property which it uses and enjoys, or why, if it will not or cannot pay according to the stipulations of the lease, it should not then be dispossessed. The remedy for an unlawful detention of demised premises is undoubtedly given by statute, but it is as competent for the legislature to give it against a municipal corporation as against a natural person, and they appear to have done so. The remedy may not be as effectual and complete against the corporation as it would be against a natural person, but this is no reason why a party should not have the benefit of the action against the city as far as it is available. It certainly can be made efficacious to this extent, to enable him to obtain possession of property for the use of

which the city refuses or neglects to pay rent according to its contracts. This is an essential and important benefit. And as the legislature has not exempted municipal corporations from liability to answer* in an action for unlawful detainer, the courts should not. See also subdivision 12, sec. 1, chap. 5, where the legislature has given a rule for the construction of statutes in which the word "person" is used. We must therefore hold that under our statute an action for unlawful detainer will lie against the city.

The third objection, that the complaint does not set forth a sufficient notice to quit, is not true in point of fact. The allegation is, that on the 4th day of October, 1860, the appellant made a demand in writing that the city deliver up the possession of the premises, which the city refused to do. It had been previously averred, that a year's rent fell due on the 29th of August. Nor was the complaint obnoxious to the fourth and fifth objections taken to it. It clearly and explicitly shows that the appellant was entitled to the possession of the premises which were held by the respondent, and the allegations upon these points are sufficient.

The complaint showing a good cause of action, it follows that the county court improperly ruled out the evidence offered by the appellant to maintain the issues on his part to be sustained under it.

The judgment of the county court is therefore reversed, and a new trial ordered.