BUELL and others, Respondents, vs. ARNOLD, Appellant.

*January 12—January 31, 1905.*

*Counties: Judgments: Execution: Lien on lands: "Person."*

[1. Whether land owned by a county can be levied upon and sold on execution, not determined. The remedy for collection of a judgment by compelling the levy of a tax should be pursued, at least until it proves ineffectual.]
2. The docketing of a judgment against a county does not create a lien upon its lands under sec. 2902, Stats. 1898,—not even upon lands to which it has taken title under tax deeds in proceedings to collect the taxes thereon. The word "person" in said section does not include a county, notwithstanding the provision of subd. 2, sec. 4972, Stats. 1898, that such word "shall extend and be applied to bodies corporate unless plainly inapplicable." *Rains v. Oshkosh*, 14 Wis. 372, distinguished.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

The plaintiffs *Buell,* one Leland, and *Rossman* brought suit against the defendant for strict foreclosure of a land contract, dated October 1, 1902, for the purchase by defendant from plaintiffs of 3,492.40 acres of land in Douglas county. Pending the action *William M. Prindle,* as trustee in bankruptcy, was substituted as plaintiff in place of Leland. The purchase price of the land was $8,207.14, of which $850 was paid on the contract, the defendant agreeing to pay the balance part in cash when a good title was furnished, and part by assuming and paying a mortgage of $3,500. The contract also provides that plaintiffs should convey the land by warranty deed, but, if the title should not prove good and could not be made so, the purchase money paid to be returned to the defendant.

The defendant answered, admitting the making of the contract and payment of $850 thereon; that he was ready and willing to comply with the contract, but that plaintiffs had failed to furnish title to the lands; that the plaintiffs' title was subject to the lien of certain judgments amounting to $6,993.40; that defendant demanded satisfaction and discharge of said lien, which plaintiffs failed and neglected to do. Defendant also pleaded a counterclaim setting up the contract and the plaintiffs' failure to furnish good title, and demanded judgment for specific performance, damages, and general relief.

It further appears from the undisputed facts that prior to the execution of said contract Douglas county had obtained title, through tax deeds, to certain of the lands, and while holding title judgments were rendered against the county and in favor of certain creditors amounting to $6,993.40, which judgments were docketed and remained unpaid and unsatisfied at the time of the commencement of this action.

The court below entered judgment providing that the rights and interests of the defendant be barred and foreclosed unless he pay the amount found due on the contract, with inter-

est and costs, within six months from the date of the judgment, from which judgment this appeal is taken.

For the appellant there was a brief by *Arnold & Arnold,* attorneys, and *James Wickham,* of counsel, and oral argument by *Mr. Wickham.* They contended that the judgments were liens on the lands under sec. 2902, Stats. 1898. The county is a body corporate (sec. 650, Stats. 1898) and a "person" within the meaning of sec. 2902. Subd. 2, sec. 4972, Stats. 1898; *Segnitz v. Garden City B. & T. Co.* 107 Wis. 171–178; *Lyman Co. v. State,* 9 S. Dak. 413, 69 N. W. 601; *State ex rel. Sackett v. Thomas,* 25 Mont. 226; *Lancaster Co. v. Trimble,* 34 Neb. 752, 52 N. W. 711; *People ex rel. Adams v. Oakland,* 92 Cal. 611; *Rains v. Oshkosh,* 14 Wis. 372. Where a municipal corporation owns real estate not used for governmental purposes, such real estate is subject to the lien of a judgment against such corporation, and may be sold on execution to satisfy such judgment. *Darlington v. New York,* 31 N. Y. 164–192; *Wheeler v. Miller,* 16 Cal. 124; *Holladay v. Frisbie,* 15 Cal. 630; *LeRoy v. Dunkerly,* 54 Cal. 452; *Murphree v. Mobile,* 104 Ala. 532; *Murphree v. Mobile,* 108 Ala. 663; *State ex rel. Courter v. Buckles,* 8 Ind. App. 282, 35 N. E. 846; *Hart v. New Orleans,* 12 Fed. 292; *Brinkerhoff v. Board of Education,* 37 How. Pr. 499; *New Orleans v. House Mut. Ins. Co.* 23 La. Ann. 61; *Sherman v. Williams,* 84 Tex. 421; *Laredo v. Nalle,* 65 Tex. 362; *Laredo v. Benavides,* 25 S. W. 482–485; *State v. Tiedemann,* 69 Mo. 306; *Brown v. Gates,* 15 W. Va. 131; 2 Dillon, Mun. Corp. (4th ed.) § 567.

*R. I. Tipton,* for the respondents, argued, among other things, that lands sold to counties for unpaid taxes are public property, charged with a public trust, and held and used for governmental purposes. Secs. 650, 651, Stats. 1898. Judgments against the county are therefore not liens on such lands. *Iron River v. Bayfield Co.* 106 Wis. 587; *Crandon v. Forest Co.* 91 Wis. 239. But regardless of these special provisions

of our statutes, it is a general rule of law, based on grounds of public policy, that judgments against a public or municipal corporation are not liens on their lands and that executions cannot issue against their property. *Chicago v. Hasley,* 25 Ill. 595; *King v. McDrew,* 31 Ill. 418; *Olney v. Harvey,* 50 Ill. 453; *Board v. Edwards,* 76 Ill. 544; *Bloomington v. Brokaw,* 77 Ill. 194; *Morrison v. Hinkson,* 87 Ill. 587; *Flora v. Naney,* 136 Ill. 45; *Schaffer v. Cadwallader,* 36 Pa. St. 126; *Foster v. Fowler,* 60 Pa. St. 27; *Gilman v. Contra Costa Co.* 8 Cal. 52, 68 Am. Dec. 290; *Emeric v. Gilman,* 10 Cal. 404, 70 Am. Dec. 742; *Indianapolis & B. R. Co. v. Indianapolis,* 12 Ind. 620; *Davenport v. Peoria M. & F. Ins. Co.* 17 Iowa, 276; *Meriwether v. Garrett,* 102 U. S. 472, 26 L. ed. 97; *New Orleans v. Holmes,* 13 La. Ann. 502. In many jurisdictions it is held that judgments against a municipal corporation create no lien on its real estate because no execution can issue, and that judgments are never liens where the right to issue execution does not exist. *Schaffer v. Cadwallader,* 36 Pa. St. 126; *Conard v. Atlantic Ins. Co.* 1 Pet. 433; *Leedom v. P. R. Co.* 5 W. & S. 266; *Williams v. Controllers,* 18 Pa. St. 275; *Davenport v. Peoria M. & F. Ins. Co.* 17 Iowa, 276; *Lambs v. Shays,* 14 Iowa, 567; *Cole v. Green,* 21 Ill. 104; *Indianapolis & B. R. Co. v. Indianapolis,* 12 Ind. 620; *State v. Tiedemann,* 69 Mo. 306; *Brickley v. Boston,* 20 Fed. 207. The remedy of judgment creditors of municipal corporations is by *mandamus* to compel their officers to levy a tax. *State ex rel. Carpenter v. Beloit,* 20 Wis. 79; *State ex rel. Sherman v. Common Council,* 20 Wis. 87; *State ex rel. Hasbrouck v. Milwaukee,* 25 Wis. 122; *State ex rel. Burns v. Supervisors,* 34 Wis. 169; *State ex rel. Pfister v. Manitowoc,* 52 Wis. 423; *Comm. ex rel. Armstrong v. Comm'rs,* 37 Pa. St. 277; *Klein v. New Orleans,* 99 U. S. 149; *Morrison v. Hinkson,* 87 Ill. 587. Such remedy should be held to be exclusive until it is shown to be ineffective. The statutory method of enforcing judgments against municipali-

ties must be strictly pursued. *Emeric v. Gilman,* 10 Cal. 404, 70 Am. Dec. 742; *Randolph Co. v. Ralls,* 18 Ill. 29; *Wilson v. Huntington Co.* 7 Watts & S. 197.

KERWIN, J. The only question involved is whether the judgments rendered and docketed against Douglas county became liens upon the lands in suit. There is no dispute upon the facts. If the judgments in question were liens upon any of the lands described in the contract, the decision of the court below is erroneous; if not, it is right. The general doctrine is that the property of municipal corporations cannot be seized or sold upon execution. 1 Dillon, Mun. Corp. § 446; 1 Black, Judgments (2d ed.) 407; 1 Freeman, Executions, § 126; *President, etc. of I. & B. R. Co. v. Indianapolis,* 12 Ind. 620; *Davenport v. Peoria M. & F. Ins. Co.* 17 Iowa, 276; *Gilman v. Contra Costa Co.* 8 Cal. 52; *Flora v. Naney,* 136 Ill. 45, 26 N. E. 645; *Schaffer v. Cadwallader,* 36 Pa. St. 126; *Williams v. Controllers,* 18 Pa. St. 275; *People ex rel. Davis v. Superior Court,* 55 Ill. App. 376; *State v. Tiedemann,* 69 Mo. 306. In some states it is held that private property of municipal corporations, held in their own right for profit or as a source of revenue, and not charged with any public trust, may be seized and sold on execution. 2 Dillon, Mun. Corp. § 446; *Meriwether v. Garrett,* 102 U. S. 472; *Brown v. Gates,* 15 W. Va. 131; *Murphree v. Mobile,* 108 Ala. 663, 18 South. 740. The doctrine is very fully discussed in *Brown v. Gates, supra,* and many cases cited. Judge Dillon, in 2 Dillon, Mun. Corp. § 446, says:

"In some of the states it is held that the private property of municipal corporations—that is, such as they own for profit, and charged with no public trusts or uses—may be sold on execution against them. In other states, either by statute or on general principles, it is declared that judgments against municipal corporations cannot be enforced by ordinary writs of execution, and that the remedy of the creditor is by *man-*

*damus* to compel payment, or the levy of a tax for that purpose. Questions of this kind are influenced much by local legislation."

Counties are parts of the state government, exercising delegated political powers for public purposes, and can take and hold lands for public use only. They cannot hold property for profit, or take title to it for the purpose of revenue, the same as an individual or private corporation. *Mayor v. Root,* 8 Md. 95; *Brown v. Gates,* 15 W. Va. 157; *Chicago v. Hasley,* 25 Ill. 595. The doctrine is stated in *Chicago v. Hasley, supra,* at page 595, as follows:

"The nature, objects, and liabilities of political, municipal, or public corporations we think stand on different grounds. These corporations signify a community, and are clothed with very extensive civil authority and political power. All municipal corporations are both public and political bodies. They are the embodiment of so much political power as may be adjudged necessary by the legislature granting the charter for the proper government of the people within the limits of the city or town incorporated, and for the due and efficient administration of their local affairs. For these purposes the authorities can raise revenue by taxation, make public improvements and defray the expenses thereof by taxation, exercise certain judicial powers, and generally act within their limited spheres as any other political body, restrained only by the charters creating them; beyond them they cannot go. This power of taxation is plenary, and furnishes, ordinarily, the only means such corporations possess by which to pay their debts. They cannot be said to possess property liable to execution, in the sense an individual owns property so subject, for they have the control of the corporate property only for corporate purposes, and to be used and disposed of to promote such purposes, and such only."

It is claimed, however, by appellant that the lands taken by the county on tax deeds are not held for any public purpose except to sell and use the proceeds to pay the debts of the county, and therefore should be subject to sale upon exe-

cution.  But the lands are acquired by the county while exercising its delegated political powers in the collection of taxes
for public purposes.  The acquisition of the land puts the
county in a position to collect the tax for the nonpayment of
which the lands were returned.  In considering this subject
in *Iron River v. Bayfield Co.* 106 Wis., at page 592, 82 N. W.
561, this court says:

"In construing the various provisions of title XIII, Stats.
1898 ('Taxation'), it must be continually borne in mind that
the whole general purpose is the collection of revenue for the
several subdivisions of the government—state, county, municipal, and school district.  The formal acquisition of any
lien or title in accordance with those provisions, whether by
any municipal corporation or county or by any public officer,
is primarily to continue or enforce the original right of the
government against property, to the end that it may secure
therefrom ultimately the money which such property or its
owner ought to contribute towards governmental expenses,
for with nothing but money can those expenses be paid.  Such
money, when received, by whichever of the collecting agencies,
is then apportioned among the various governmental subdivisions according to their original rights.  In the enforcement
of such liens it may be unavoidable—it is always undesirable—that actual title to property should be taken.  The purpose of the law, nevertheless, is collection of money and not
acquisition of property; and clear language is necessary to
justify inference of a legislative purpose that any step is to
transpose the public body or officer from the position of a
collecting agent into a proprietary, so as to substitute for the
duty to account merely for the money ultimately received a
duty to pay the ostensible price."

The statutes provide a remedy for the collection of judgments against counties by the levy of taxes, and ample power
exists to compel the proper officer to make such levy.  It is
evident that it was the intention of the legislature that such
remedy should be pursued, at least until it proves ineffectual.

It is not necessary to decide here whether land owned by a

county can be levied upon and sold on execution, and we therefore refrain from expressing any opinion upon that question.

The appellant contends that the docketing of the judgments against Douglas county created a lien on its lands under sec. 2902, Stats. 1898. This position is untenable. Sec. 661, Stats. 1898, relating to enforcement of judgments against counties, provides that no execution shall be issued on any such judgment "except upon leave of the court upon motion after the lapse of sixty days after the time when the town treasurers should by law have made returns of taxes." This provision restricting executions upon judgments against counties, together with the special statutory provisions for the collection of judgments by the levy of tax, and the general policy of the law upon the subject, seem plainly to indicate that the word "person," as used in sec. 2902, Stats. 1898, concerning docketing of judgments, does not apply to counties.

Counsel for appellant contends that subd. 2, sec. 4972, Stats. 1898, providing that the word "person" shall extend and be applicable to bodies corporate, unless plainly inapplicable, brings counties within the provisions of sec. 2902, which provides "every such judgment, when so docketed, shall, for a period expiring ten years from the date of the rendition thereof, be a lien on the real property in the county where the same is docketed, . . . of every person," and cites, among other cases, *Rains v. Oshkosh*, 14 Wis. 372. An examination of these cases will show that they are not applicable to the question now before us. In *Rains v. Oshkosh, supra*, the municipality went into possession of land under a lease, agreeing to pay the rent, and having authority under its charter to make the contract; and it was held in a suit for the unlawful holding over of the demised premises that the suit could be maintained, and that the word "person" in the unlawful detainer statute applies to municipal corporations hold-

ing demised premises after the termination of the lease contrary to the covenants thereof. Of course, in this case the word "person" was plainly applicable, and the same may be said of the use of the word "person" in other cases cited in appellant's brief. We think, however, that the word "person," as used in sec. 2902, Stats. 1898, is plainly inapplicable to counties. In *Chicago v. Hasley,* 25 Ill. 595, the court held that the word "person" in a statute similar to ours does not embrace any incorporated city, town, or municipal or political corporations under a statute authorizing the issuing of executions; and this court holds in *Burnham v. Fond du Lac,* 15 Wis. 193, and *Buffham v. Racine,* 26 Wis. 449, that the word "person," as used in the garnishee statute, does not apply to municipal corporations.

In the light of the statutes of this state and cases cited we think it clear that the judgments docketed against Douglas county create no lien upon the lands in question, and that the judgment of the court below should therefore be affirmed.

*By the Court.*—The judgment of the court below is affirmed.