STATE EX REL. MASON, Respondent, vs. LARSEN, County Treasurer, Appellant.

*April 3—May 13, 1919.*

*Tax sales: County treasurer: Constitutional law: Statutes: Construction: Legislative intent: Taxation: Delinquent tax sales: Competitive bidding: Special laws: Statute abrogating competitive bidding: Equal protection of the laws.*

1. Sec. 1138*m,* Stats. 1917 (ch. 268, Laws 1917), providing that a county board may authorize the county treasurer to become the purchaser of lands sold for general taxes, is *held* to constitute the county treasurer the exclusive bidder at the tax sale of real estate which he is authorized to purchase.

2. As so construed, it denies to one taxpayer competitive bidding at the tax sale which it extends to another, and violates the provisions of sec. 1, amendm. XIV, Const. of U. S., guaranteeing the equal protection of the laws, as well as equivalent provisions of the state constitution.

3. The enactment of a statute without a purpose should not be attributed to the legislature.
4. Sec. 1191, Stats. 1917, providing that the county shall be the exclusive purchaser at a tax sale of property upon which it holds any certificate of sale, is valid; the state and county, in such case, having an interest which may be protected by withholding the lands from competitive bidding.

ESCHWEILER, J., dissents in part.

APPEAL from a judgment of the circuit court for Polk county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

This is an action of *mandamus,* brought to compel the defendant as county treasurer of Polk county to accept the plaintiff's bid made by him upon the sale of certain lands for delinquent taxes and to issue certificates thereon as provided by law. Acting under sec. 1138*m,* Stats., the county board directed the defendant to bid in and purchase for the county all lands sold for taxes. Pursuant to such direction the defendant, at the opening of the sale announced to the bidders assembled, including plaintiff, that the several tracts of land would not be offered for competitive bidding, but that the county would be the exclusive bidder therefor at the sale and that no other bids would be accepted. As the several descriptions were called, the county treasurer in behalf of the county bid therefor the taxes and charges against the land and the plaintiff bid the same for the north half of each tract, but this bid was ignored and the land was declared sold to the county. Plaintiff's bid was upon the sale of lands against which no special taxes were levied or returned delinquent and against which there were no outstanding tax certificates. Immediately after the sale plaintiff demanded that the treasurer issue to him tax certificates and he offered to pay the amount of his several bids, and he brings this action to compel the issuance of tax certificates to him on his bid. From a judgment allowing a peremptory writ the defendant appeals.

For the appellant there was a brief by the *Attorney General, E. E. Brossard,* assistant attorney general, and *C. S.*

*Roberts,* district attorney, and oral argument by *Mr. Bros-sard.*

For the respondent there was a brief by *Kennedy & Yates* of Amery, and oral argument by *W. T. Kennedy.*

OWEN, J.    Except as modified by sec. 1138*m,* Stats. (ch. 268, Laws 1917), the statutes provide that lands returned delinquent for the nonpayment of taxes shall, on a day fixed, be sold at public sale to the person offering at such sale to pay the taxes, interest, and charges thereon for the least quantity thereof.    Secs. 1135, 1136, Stats.    The sale is competitive, the successful purchaser being the one who offers to pay the taxes for the smallest portion of the land against which the same are assessed.    Sec. 1138*m* reads:

"The county board of any county may authorize and direct the county treasurer to bid in and become the purchaser of any or all such lands as are sold for general taxes only for the amount of such general taxes, interest and charges remaining unpaid thereon, excepting such lands against which there are outstanding certificates of sale.    All laws relating to the sale or purchase of lands sold for the nonpayment of such taxes, and to the redemption of such lands, shall apply and be deemed to relate to the sale or purchase of such lands by the county."

It should be noted that this section is effective only in those counties where the county board acts under the authority given, and directs the county treasurer to "bid in" and become the purchaser of any or all such lands as are sold for general taxes only.

The question first arising is whether this section constitutes the county treasurer, when authorized by the county board under its provisions, the exclusive bidder at the tax sale.    Appellant contends for this construction, while respondent claims that it merely authorizes the treasurer to become a competitive bidder, and that if the treasurer is made the exclusive bidder then the statute is unconstitutional.

It seems clear that the legislature intended by the enactment of the section in question to eliminate competition at tax sales and to constitute the county treasurer the exclusive bidder and purchaser thereat where the county board acted under its provisions. Unless such was the legislative purpose the enactment of the law was useless. By sec. 1138 it was already provided that

"If any tract of land cannot be sold for the amount of taxes, interest and charges thereon it shall be passed over for the time being, but shall, before the close of the sale, be reoffered for sale; and if the same cannot be sold for the amount aforesaid, the county treasurer shall bid off the same for the county for such amount."

By virtue of this section the county becomes the purchaser of all lands for which there are no bidders at the sale. It is true that the county does not become the purchaser unless there are no bidders at the sale. Sec. 1138$m$, if construed to constitute the treasurer a competitive bidder, does not change that result, for, under its provisions, the county treasurer cannot bid less than the whole amount of the lands for the amount of the general taxes, interest, and charges remaining unpaid thereon. The only difference between the two sections, if sec. 1138$m$ is not construed to constitute the county treasurer the exclusive bidder, is this: under sec. 1138$m$ the county treasurer may make the first bid, while under sec. 1138 the county becomes the purchaser only in the event that there are no bidders. The practical result, however, is the same. Any person who bids less than the whole amount of the land for the taxes assessed thereon forces the treasurer from the field. His power is exhausted when he bids the entire tract. Any bid for less than the entire tract constitutes a lower bid and entitles the bidder to the certificate of sale; so that if there are bidders present, as a practical proposition the county cannot become the purchaser of the land unless the treasurer is the exclusive bidder; and if

there are no bidders present, the county becomes the purchaser under the law as it stood prior to the enactment of sec. 1138m.    Unless, therefore, the section is to be construed as constituting the county treasurer the exclusive bidder at the sale its enactment was without purpose, something which should not be attributed to the legislature, even for the purpose of holding a law constitutional.    Almost any statute can be held constitutional if it be construed as vain or futile legislation.    We accord the legislature greater deference by ascribing virility to its enactments and treating them as legislative assertions of its power in the premises.

As so construed, is the law constitutional?   The purpose of the sale of lands for taxes is to coerce the payment of the taxes and to enforce the lien arising from their imposition. The equal protection of the law requires that taxpayers owning real estate of the same kind and nature, similarly situated, shall be accorded equal treatment in such a proceeding.    Competitive bidding at a tax sale is certainly a material and valuable right, and it cannot be granted to one and denied to another, similarly situated, consistent with the provisions of sec. 1 of the Fourteenth amendment of the constitution of the United States, which prohibits any state from making or enforcing any law denying to any person within its jurisdiction the equal protection of the law.    It is true that classification of persons and things is permissible under this constitutional provision, but it should constantly be borne in mind that such classification must be germane to the purposes of the legislation.

As already stated, the purpose of laws providing for the sale of lands for taxes is to coerce the payment of taxes imposed thereon and to enforce the lien arising from their imposition in case they be not eventually paid.    With this in mind, let us examine the classification provided for by sec. 1138m.    It permits competitive bidding at tax sales upon tracts of land against which special as well as general taxes have been assessed, while it prohibits competitive bidding

upon tracts of land against which general taxes only have
been assessed.   It also permits competitive bidding upon
tracts of land against which only general taxes have been
assessed but which were delinquent the prior year, the certifi-
cate of which sale is held by a third party, while it prohibits
competitive bidding where the taxes were paid the year be-
fore.   Can such distinctions be said to be germane to the
purposes of the legislation?   The taxpayer who was in de-
fault in the payment of his taxes the prior year enjoys the
benefits of competition at the sale, while the taxpayer who
promptly and obediently paid his taxes the year before is
denied that privilege.   His entire tract must go for the taxes.
Similarly, the entire tract of land against which only general
taxes are assessed is bid in, while the adjacent lot against
which special as well as general taxes are assessed is the sub-
ject of competitive bidding at the sale.   We are utterly
unable to see any relation between the distinctions thus made
and the purposes of the legislation.   Under this law the good
citizen and the willing taxpayer is denied the right of com-
petitive bidding which is extended to his neighbor who de-
faulted in the payment of his taxes the prior year.   Again,
the entire tract must go where only general taxes are assessed
against it, while a tract against which special as well as gen-
eral taxes have been assessed becomes the subject of com-
petitive bidding.

  The purpose of the law seems to be to secure to the county
the most desirable tax certificates and is evidently based on
the theory that while the county is compelled to take the less
desirable lands it should have a monopoly on those which
constitute a gilt-edged investment, leaving those constituting
a more questionable security to the competition of private
bidders. We may concede, for the purposes of the argument,
that the question of whether such a plan promotes the ulti-
mate purpose of all tax laws, *i. e.* the raising of money to
meet the expenses of government, is a legislative question.
It may be conceded, too, that, as contended by the learned

attorney general, the legislature might provide that all lands on which the taxes have remained delinquent for a certain length of time shall be forfeited to the county or state upon notice to the taxpayer and an opportunity for him to be heard (37 Cyc. 1547) without affecting the question we are here considering. Under such a law all taxpayers are treated alike, while the vice of this law consists in arbitrary discrimination, not based on differences existing between the taxpayers, or the property taxed, or differences calling for a different remedy or proceeding in order to collect the tax. On the contrary, it is quite apparent that the classification was made to depend upon this question: What tax certificates constitute perfectly safe security? That question decided, the county was given a monopoly thereof. This is fairly revealed by a consideration of the history of the legislation. As originally introduced, the county treasurer was authorized to bid in all lands returned delinquent for taxes when directed by the county board. Two amendments offered to the bill were adopted, each of which restricted the class of certificates of which the county might become the purchaser, and resulted in the enactment of the law in its present form, all of which indicates that the dominating legislative idea was the security of the county. While it was no doubt considered that the law opened up a profitable field of investment for the counties by making them the beneficiaries of the high interest rates charged to delinquent taxpayers, that result cannot be accomplished by arbitrarily depriving one taxpayer of valuable rights and privileges extended to another.

We cannot resist the conclusion that this law offends not only against the provision of the federal constitution already referred to, but violates equivalent provisions of the state constitution as well.

It should be remarked that the foregoing considerations do not apply to sec. 1191, Stats., which provides that the county shall be the exclusive purchaser at the tax sale of property upon which the county holds any certificates of tax

13] JANUARY TERM, 1919. 305

State ex rel. Mason v. Larsen, 169 Wis. 298.

sales. When a taxpayer first permits his taxes to become delinquent he enjoys the benefit of competition at the sale. If no third party bids on his land the county becomes the purchaser thereof. Thereafter the state and county have an interest therein which the state may protect by withholding the lands from competitive bidding at any subsequent sale so long as it has such interest. The interest of the state in the lands distinguishes them from lands owned exclusively by private parties and justifies special classification by which they are accorded special treatment, to the end that the state may protect its interest therein.

It is our conclusion that the statute is unconstitutional and void and that the judgment of the trial court was right. While the judgment must be affirmed, we do not think that we should grant costs against appellant, who is a public officer. He found the law upon the statute books. The county board of his county directed him to proceed under it. He should not be compelled to determine its validity at his own peril.

*By the Court.*—Judgment affirmed. The appellant will pay the clerk's fees. No other costs to be taxed.

ESCHWEILER, J. *(dissenting in part).* I dissent from so much of the majority opinion herein as construes sec. 1138*m*, Stats., as intending to give the county board the power to authorize and direct its county treasurer to become the *exclusive* purchaser for it of the lands sold for general taxes as therein described.

At the time of the enactment of this section by ch. 268, Laws 1917, there was then on the Statutes, and had been for a long time, sec. 1191, which reads as follows:

"Real property upon which the county holds any certificate of tax sale shall continue liable to taxation and to sale for unpaid taxes, and the county shall be the *exclusive* purchaser at the sale."

The omission of the word "exclusive" in the new statute,

sec. 1138*m*, which relates to the same power to purchase at tax sales as the older statute, sec. 1191, warrants a strong presumption that the word was purposely omitted. It is hardly likely that such a new statute would be drafted, several times amended, and then passed, without some consideration of the statutes on the same subject. Of course if it was purposely omitted it is judicial legislation to insert it.

The last sentence of sec. 1138*m* reads as follows:

"All laws relating to the sale or purchase of lands sold for the nonpayment of such taxes, and to the redemption of such lands, shall apply and be deemed to relate to the sale or purchase of such lands by the county."

The construction given by the majority to this law is to make this last sentence of sec. 1138*m* practically of no effect at least as to several important provisions. Among such laws is sec. 1135, which provides that the treasurer shall continue to offer for sale the respective parcels until so much of each parcel thereof shall be sold as shall be sufficient to pay the taxes, etc. This section is wiped out by permitting the county treasurer to become the exclusive purchaser at such sale.

Sec. 1136 provides that the person offering at such sale to pay the taxes, interest, and charges on any tract of land for the least quantity thereof shall be the purchaser of such quantity, and provides that only in case no bid be made for a portion of such tract of land then the whole of said tract shall be sold.

Sec. 1138 provides that where a tract cannot be sold for the amount of taxes, interest, and charges it shall be passed over for the time being, but shall be reoffered for sale before the close of the sale.

These two sections also seem to be entirely discarded, in spite of its express language, by the construction now given to sec. 1138*m*. The mere fact that the county would occupy a much more advantageous position in the tax-sale market as an exclusive purchaser than as a competitive purchaser does

not appear to me to be sufficient reason for charging the legislature with intending to obtain the greater advantage rather than the lesser, when the effect of such choice is now declared to be that they have not done the one and cannot do the other.

I think, therefore, that to place such a construction upon a statute and then proceed to declare it unconstitutional is contrary to the heretofore universal practice of courts in always striving to adopt constructions which will support rather than overthrow legislation. *State ex rel. Owen v. Donald,* 161 Wis. 188, 192, 153 N..W. 238.

The sale of lands, the owner of which has failed to pay his taxes, is primarily for the purpose of collecting revenues. *Buell v. Arnold,* 124 Wis. 65, 71, 102 N. W. 338; *Iron River v. Bayfield Co.* 106 Wis. 587, 592, 82 N. W. 559; *Oneida Co. v. Tibbits,* 125 Wis. 9, 12, 102 N. W. 897. It has never before been held that such statutes should be construed as intending to permit governmental agencies to become dealers in real estate.

A construction of this statute to the effect that the county might become a competitive bidder to the extent and on such lands as it deemed best, with other bidders on such sales, would, it seems to me, place the statute in harmony with the general revenue-producing purpose of the taxation statutes, insert nothing in the text which the legislature left out, and, above all, recognize it as being within rather than without the constitutional power of the legislature.