STATE EX REL. BLOCKWITZ, Respondent, vs. DIEHL, County Treasurer, Appellant.

*February 6—March 5, 1929.*

The cause was submitted for the appellant on the brief of *Elton J. Morrison* of Portage, district attorney, and for the respondent on that of *Stroud & Stroud* and *H. B. Rogers,* all of Portage.

CROWNHART, J. Sec. 1138*m* of the Statutes of 1917 provided:

"The county board of any county may authorize and direct the county treasurer to bid in and become the purchaser of *any or* all *such* lands *as are* sold for *general* taxes *only* for the amount of *such general* taxes, interest and charges remaining unpaid thereon, *excepting such lands against which there are outstanding certificates of sale.* All laws relating to the sale or purchase of lands sold for the nonpayment of such taxes, and to the redemption of such lands, shall apply and be deemed to relate to the sale or purchase of such lands by the county."

That section of the statutes came before this court for construction in *State ex rel. Mason v. Larsen,* 169 Wis. 298,

172 N. W. 707, and it was there held that the statute was unconstitutional for the reasons there stated. Thereafter, in 1923, the legislature passed an amendment to sec. 1138*m*, now sec. 74.44, so that said section reads as follows:

"74.44 The county board of any county may authorize and direct the county treasurer to bid in and become the purchaser of all lands sold for taxes for the amount of taxes, interest and charges remaining unpaid thereon. Any certificate of sale, except as to drainage assessments, owned by any county, shall constitute collateral security for any loan to such county to an amount equal to one half the face value of such certificate when negotiated by the county clerk and treasurer. All laws relating to the sale or purchase of lands sold for the nonpayment of such taxes, and to the redemption of such lands, shall apply and be deemed to relate to the sale or purchase of such lands by the county."

The words we have emphasized in the act of 1917 were thus stricken out of the act of 1923.

The amendment was intended to obviate the constitutional objections to the former section. Acting under and pursuant to sec. 74.44, Stats., the county board of Columbia county passed the following resolution:

"Resolved, that the county board of Columbia county hereby authorize the county treasurer to purchase for the county all lands sold for taxes, interest and charges remaining unpaid thereon at the time of the regular tax sale."

This we think was intended to be a direction to the county treasurer to become the exclusive bidder for the county for all the tax certificates sold at the tax sale, pursuant to sec. 74.44. The county treasurer so construed it, and respondent does not question that construction.

Pursuant to the resolution of the county board, the county treasurer proposed to become the exclusive bidder for all lands offered for sale at the 1928 tax sale in Columbia county.

The petitioner alleged himself to be a resident taxpayer of

Columbia county; that he was the owner of certificates of a prior sale of lands in said county; that he was an officer of a bank which holds a mortgage on lands in said county, upon which lands the taxes had not been paid and which lands were advertised for sale; and that the defendant county treasurer proposed to become the exclusive bidder at the sale. He therefore prayed that a writ of *mandamus* issue compelling said county treasurer to offer all of said lands advertised for sale, for sale to the lowest bidder, and the court issued the writ accordingly.

The trial judge has not favored us with an opinion as to his reasons for issuing the writ, but we assume that he found the statute unconstitutional on one or more of the grounds here presented by the counsel for petitioner. They are:

1. It is claimed that sec. 74.44, Stats., is unconstitutional as in violation of the "due process" and "equal protection" clauses of the federal constitution and comparable provisions of our own constitution.

If a tax law is constitutional otherwise, it cannot be said to be without due process. Taxes are an absolute necessity to sovereignty, and the power to tax is said to be the power to destroy. However, the power may not be exercised arbitrarily or so as to discriminate between persons or property under like or similar conditions, for in such cases it would not grant to persons and property the equal protection of the law. The general taxation statutes provide that real estate shall be offered for sale to the lowest bidder (sec. 74.40), and it is contended by respondent that to protect his outstanding certificates of sale he is entitled to have the properties struck off to the lowest bidder in order that he may have the equal protection of the laws. The equal protection clause of the constitution, however, does not prevent proper classification. *Kiley v. C., M. & St. P. R. Co.* 138 Wis. 215, 219, 220, 119 N. W. 309, 120 N. W. 756; *Maercker v. Milwaukee,* 151 Wis. 324, 328, 139 N. W. 199,

Necessarily there must be different units of taxation, in which units taxes will differ in many respects, and yet, if within any one taxing unit all persons and property similarly situated are treated alike, there is no unlawful discrimination and no person in the unit is denied the equal protection of the laws. *Lund v. Chippewa County,* 93 Wis. 640, 647, 67 N. W. 297. In that case the court said:

"This provision [sec. 1, art. VIII] manifestly requires such uniformity, in case of a state tax, to extend throughout the state; in case of a county tax, to extend throughout the county; in case of a city tax, to extend throughout the city; and, in case of a town tax, to extend throughout the town. In other words, the rule of uniformity is not broken merely because a town or city or county raises a special tax for local purposes."

The tax proceedings in Columbia county, including the proposed tax sale, treated all persons and property similarly situated in said county alike, without discrimination, and we are satisfied that the due process and equal protection clauses of the constitution were not violated by the law or the proposed sale.

2. It is claimed that sec. 74.44 impairs the obligation of contract, contrary to the provision in the federal constitution that "No state shall . . . pass any . . . law impairing the obligation of contracts. . . ." It is claimed that the owner of an outstanding tax certificate had an obligation for the payment of money upon which he had a definite remedy, prior to the enactment of said section. Sec. 74.44 was passed in 1923, prior to the purchase of petitioner's certificates. He therefore purchased with notice of the statute and his rights and remedies thereunder. He had no vested right in a mere tax-collection procedure which he knew was subject to change at the time of such purchase. It has been held that no specific remedy is guaranteed by the constitutional provision. A remedy may not be taken away altogether, but it may be changed or modified providing it leaves

an adequate remedy, though less convenient, prompt, or speedy. Cooley, Const. Lim. (7th ed.) p. 406 *et seq.*

The most that the owner of a tax certificate has is the right to recover his investment with the interest provided by law at the time of its issue, or to obtain a tax deed upon property described in his certificate. The certificate of sale is made a lien upon the land as a security for such right. Usually people are induced to purchase such certificates by the high rate of interest provided by statute, and such is the case in our statutes, the rate being ten per cent. with a provision that such rate may be changed at any annual meeting of the county board to a rate not exceeding fifteen per cent. (sec. 75.01, Stats.). Under sec. 74.44 and the proposed proceedings thereunder, the petitioner would still have a lien upon the real estate by virtue of any certificates which he held, and may obtain a tax deed when the period of redemption expires; he has the right to pay the subsequent taxes before sale, or the right to redeem the land after sale from such taxes, and to have his payments attached to and become a part of his lien as his security for such payments, and such payments would bear interest at ten per cent. Secs. 74.67, 74.68, 74.695. This would give him the same security as he would have without sec. 74.44 and substantially the same remedy. Acts of the legislature are not lightly set aside as unconstitutional. They must be plainly so, and so beyond a reasonable doubt. *State ex rel. Carnation M. P. Co. v. Emery,* 178 Wis. 147, 189 N. W. 564, and cases there cited. We think it is clear that the statute in question does not impair the obligation of contract.

3. It is further claimed that sec. 74.44 violates the provision of the state constitution against taking property for a public use without just compensation, and the provision that the rule of taxation shall be uniform. Clearly, the respondent's property has not been taken. He has his property, as before, with adequate protection to preserve its value.

As we have seen, the rule of taxation is not violated by reasonable classification and uniformity within the class.

4. It is claimed that sec. 74.44 violates the provision of the constitution which requires the legislature to establish but one system of town and county government, which shall be as nearly uniform as practicable. The answer to this contention is quite apparent. The section in question does not establish any system of town or county government. The system of government remains as before. The mere incident as to method of tax collection, as here, does not offend against this provision of the constitution. The legislature has established a system of town and county government within the constitutional provisions. Under that system it has from time to time conferred many powers upon county boards, to be exercised in their discretion.

The constitution, by art. IV, sec. 22, provides:

"The legislature may confer upon the boards of supervisors of the several counties of the state such powers of a local, legislative and administrative character as they shall from time to time prescribe."

Art. IV, sec. 23, provides:

"The legislature shall establish but one system of town and county government, which shall be as nearly uniform as practicable."

Art. IV, sec. 31, provides:

"The legislature is prohibited from enacting any special or private laws in the following cases: . . . 6th. For assessment or collection of taxes or for extending the time for the collection thereof. . . ."

Art. IV, sec. 32, provides:

"The legislature shall provide general laws for the transaction of any business that may be prohibited by section thirty-one of this article, and all such laws shall be uniform in their operation throughout the state."

These provisions of the constitution are to be construed

together in harmony to carry out their general purpose. The first provision provides that the legislature may grant to counties all powers of a local or administrative character as it may prescribe. This is a broad and comprehensive power within the field of local government. The second provision circumscribes the former by requiring the system of county government to be as uniform as practicable. The third provision prohibits the delegation of power to the county board by special or private act for the assessment or collection of taxes or extending the time for collection thereof. And, finally, the legislature is enjoined to pass general laws where they are prohibited from passing special laws, which general laws shall be uniform in their operation throughout the state.

Testing the statute here in question by these constitutional provisions, and considering their purpose, it should not be difficult to arrive at a conclusion.

First, the statute clearly confers power upon all county boards of a legislative character for the administration of their local affairs. It does not interfere with the uniform system of county government. The system is not changed because the county boards of the state may legislate as to their local affairs in different ways. They are not bound by uniformity in administration or legislation in all respects. In fact, the constitution and uniformity in practice under it is to the contrary. The provision as to uniformity of county government has been held to have been for the purpose of preventing special acts by the legislature conferring special powers upon a particular county or counties. In other words, as to town and county government it is designed to accomplish the same objects as are accomplished by sec. 31, art. IV, in a wider field. *State ex rel. Keenan v. Milwaukee County,* 25 Wis. 339, 348.

So it seems plain that the statute is general and not special. It confers power upon all county boards of the same kind,

just as the legislature has done from time to time during the history of the state. It does not offend against the purposes of the constitution or the amendment to it. The evils intended to be obviated by such are not evaded by the statute. All counties are treated alike, and no classification is required.

In *State ex rel. Busacker v. Groth,* 132 Wis. 283, 112 N. W. 431, this question was ably argued pro and con by Mr. Justice TIMLIN, who wrote the majority opinion of four Justices, and Chief Justice CASSODAY, who wrote the minority opinion of three Justices. There the cases theretofore passing on the subject were carefully collated and analyzed by Justice TIMLIN in a very able opinion. In addition to the general rule of constitutional construction that statutes are not to be held unconstitutional unless they appear to be so beyond any reasonable doubt, he points out that the rule of uniformity of town and county government of the constitution does not provide for absolute uniformity but only such as shall be practicable. And with reference to the practicability of such rules he says the legislature is endowed with some measure of judgment and discretion. Manifestly this must be so, and the court should not interfere with that discretion unless it shall appear to the court that there has been an abuse of discretion beyond a reasonable doubt.

5. Finally, the petitioner claims that sec. 74.44 violates the provision prohibiting the legislature from enacting any special or private laws "for assessment or collection of taxes or for extending the time for the collection thereof." As we have seen, this contention is without merit. The act of the legislature criticised is plainly a general law applied to all counties of the state. We think the circuit court was in error in granting the writ of *mandamus.*

*By the Court.*—The judgment of the circuit court is reversed, with directions to quash the writ of *mandamus.*