THE HONORABLE, THE SENATE.
By Resolution 11, S, you have requested my opinion as to the constitutionality of Bill 277, S, which would create sec. 138.06 (6), Stats., to read as follows:
"138.06 (6) In connection with a sale of goods or services on credit or any forbearance arising therefrom prior to October 9, 1970, there shall be no cause of action under this section or allowance of penalties, forfeitures or other relief under this section for violation of s. 138.05, except as to those transactions on which an action has been reduced to a final judgment as of the effective date of this subsection (1971)." *Page 199 
If enacted into law Senate Bill 277 would have the effect of retroactively abrogating the civil and criminal penalties for usury in sec. 138.06, Stats., as applied to credit sales of goods or services prior to October 9, 1970, the date on which the Wisconsin Supreme Court handed down its decision in State v. J.C. Penney Co. (1970), 48 Wis.2d 125,179 N.W.2d 641. Although the bill would prohibit the application of these penalty provisions as to certain past transactions, it would not affect the prohibition against usury nor would it affect any common law or other remedy for usury not set forth in sec. 138.06, Stats.
It is a general rule of statutory construction in Wisconsin that statutes are not to be construed as having a retroactive effect unless it shall plainly appear that it was so intended by the legislature, and not even then if such construction would impair vested or constitutional rights. Department of Revenue v. Dziubek (1970), 45 Wis.2d 499,173 N.W.2d 642; Mosing v. Hagen (1967), 33 Wis.2d 636, 141 N.W.2d 194;Pawlowski v. Eskofski (1932), 209 Wis. 189, 244 N.W. 611; State v.Atwood (1860), 11 Wis. *423; sec. 990.04, Stats. Since it is quite clear that Senate Bill 277 is intended to apply retroactively, the principal question is whether the bill would impair any vested or constitutional rights.
It is well-settled that there is no vested right in a penalty or forfeiture under the usury laws, but that parties to usurious contracts hold any right they may have to penalties subject to legislative modification or repeal so as to affect causes of action and defenses even in pending actions upon contracts previously made. Ewell v. Daggs
(1883), 108 U.S. 143, 27 L.ed. 682, 2 S.Ct. 408; Petterson v. Berry (9th Cir. 1903), 125 F. 902; Tel Service Co. v. General Capital Corporation
(S.Ct. Fla. 1969), 227 So.2d 667; Davis v. General Motors AcceptanceCorporation (1964), 175 Neb. 865, 127 N.W.2d 907; 45 Am. Jur. 2d,Interest and Usury, sec. 13, at 26; 16 C.J.S., Constitutional Law, sec. 254, at 1246; 82 C.J.S., Statutes, sec. 439 at 1014. Each of the above cases involved the retroactive repeal of statutory penalties permitting either the recovery of all interest or all interest and principal under usurious contracts. Similarly, under sec. *Page 200 138.06, Stats., any contract charging in excess of the usury law maximum is rendered unenforceable as to all interest and the first $2,000 of principal and the borrower may recover said amounts if paid. Sec. 138.06
(1) and (3), Stats.
As to the constitutionality of the retroactive repeal of such penalties, Justice Matthews in the leading case of Ewell v. Daggs, supra, at 108 U.S. 150, stated as follows:
"`The effect of the usury statute of Texas was to enable the party sued to resist a recovery against him of the interest which he had contracted to pay, and it was, in its nature, a penal statute inflicting upon the lender a loss and forfeiture to that extent. Such has been the general, if not uniform, construction placed upon such statutes. And it has been quite as generally decided that the repeal of such laws, without a saving clause, operated retrospectively, so as to cut off the defense for the future, even in actions upon contracts previously made. And such laws, operating with that effect, have been upheld, as against all objections on that ground that they deprived parties of vested rights, or impaired the obligation of contracts.'"
Although there is no Wisconsin law with respect to the retroactive abrogation of statutory penalties under the usury law, the retroactive repeal of statutes providing penalties has been upheld in numerous other areas of the law. See Plankinton Packing Co. v. Wisconsin Tax Comm. (1929), 198 Wis. 368, 224 N.W. 121; Miller v. Chicago N.W. R. Co. (1907), 133 Wis. 183, 113 N.W. 384; State v. Stone (1877), 43 Wis. 481;Rood v. The Chicago, Milwaukee and St. Paul Railway Co. (1877),43 Wis. 146. Thus, there exists ample precedent supporting the proposition that the usury penalties in sec. 138.06, Stats., may be retroactively abrogated.
Since Senate Bill 277 does not purport to prohibit any remedy other than those specifically contained in sec. 138.06, Stats., the borrower would still possess the common law right to recover any interest paid in excess of the maximum usury rate in an action for money had and received. Fay v. Lovejoy (1866), 20 Wis. *403; Wood v. Lake (1860), 13 Wis. *84. In addition, a usurious contract or portions of such a *Page 201 
contract may be determined by the Courts to be void as violative of the prohibition against usury in sec. 138.05, Stats. Austin v. Burgess
(1874), 36 Wis. 186; Morton v. Rutherford (1864), 18 Wis. *298. And seePerma-Stone v. Merkel (1949), 255 Wis. 565, 39 N.W.2d 730; MenomineeRiver B. Co. v. Augustus Spies L. C. Co. (1912), 147 Wis. 559, 571,132 N.W. 1118; Harper v. Middle States Loan, Bldg. Const. Co. (1904),55 W.Va. 149, 46 S.E. 817; Baum v. Thomas (1898), 150 Ind. 357,50 N.E. 357. Thus, the proposed statute would not take away all remedies of the borrower and, therefore, would not violate Art. I, sec. 10, of the United States Constitution, relating to the impairment of contracts, or Art. I, sec. 9, of the Wisconsin Constitution, relating to the guarantee of a remedy for all injuries or wrongs. See Forbes Pioneer BoatLine v. Board of Commissioners (1922), 258 U.S. 338, 66 L.ed. 647,42 S.Ct. 325; State ex rel. Blockwitz v. Diehl (1929), 198 Wis. 326,223 N.W. 852; Von Baumbach v. Bade (1859), 9 Wis. *559.
The only additional constitutional question is whether the proposed legislation involves an unreasonable classification. In light of the strong presumption in favor of the legislature's judgment in establishing reasonable classifications, it is my opinion that Senate Bill 277 would withstand challenge on this ground. See generally State ex rel. Baer v.Milwaukee (1967), 33 Wis.2d 624, 148 N.W.2d 21; State ex rel. FordHopkins Co. v. Mayor (1937), 226 Wis. 215, 276 N.W. 311; State ex rel.Carnation M. Co. v. Emery (1922), 178 Wis. 147, 160, 189 N.W. 564; Kileyv. Chicago, M. St. P. R. Co. (1910), 142 Wis. 154, 125 N.W. 464. This conclusion is reenforced by the specific application of this rule in the area of usury. See Country Motors v. Friendly Finance Corp. (1961),13 Wis.2d 475, 485, 109 N.W.2d 137; 45 Am. Jur. 2d, Interest and Usury,
sec. 6, at page 20. As stated in the Country Motors case, supra, at13 Wis.2d 485 (citing State v. Neveau (1941), 237 Wis. 85, 99,294 N.W. 796, 296 N.W. 622):
"`[T]he classification made by the legislature is presumed to be valid unless the court can say that no state of facts can reasonably be conceived that would sustain it.'" *Page 202 
It is, therefore, my legal opinion that the courts would find Senate Bill 277 constitutional if it were enacted into law. This opinion is provided pursuant to the request as set forth in Senate Resolution 11 which relates solely to the issue of constitutionality. This opinion does not address itself to the several important public policy questions raised by such proposed legislation.
RWW:JDJ